## FREEMAN v. HALL.

Supreme Court.   Kent.   October, 1793.

*Miller's Notebook, 5.*

Mr. *Vining* and Mr. *Clark* of counsel for the defendant, contended that this form of action would not lie.   That by a number of laws of this state collectors were vested with special powers for the purpose of preventing the delays and expenses which must necessarily arise from the prosecution of suits at common law for the recovery of taxes from every individual.   That by a state law entitled "An Act for raising county rates and levies," 1 Body Laws 231, 236, "the collector of each respective hundred is impowered in his proper district to demand and receive of the persons assessed the respective sums of money wherewith they

shall stand charged in his list or duplicate. And if any person so rated or assessed shall refuse or neglect to pay the sum or sums so assessed, or any part thereof, by the space of ten days after demand made, it shall and may be lawful for the said collectors respectively to levy by distress and sale of the goods and chattels of the person or persons neglecting or refusing to pay as aforesaid the said several sums of money that the said person or persons stand chargeable with, and to make sale thereof, rendering the overplus to the owner or owners thereof, after all reasonable charges be deducted." That it never could have been in contemplation of the legislature, and it must certainly be illegal, to suffer the provisions of this Act to be superseded, and the cheap, expeditious and convenient mode of collection directed by the law eluded by the introduction of a more dilatory, expensive and troublesome process. That when a statute directs the time, place and form of a thing's being done, or the particular officer before whom it should be done, it cannot legally be done in any other form, or before any other officer. Plowd.Comm. 206, Hob. 298, *Castle's Case,* Cro.Jac. 643.

*Miller* argued, for the plaintiff, that whenever a power is given to demand and receive, the duty of paying is implied. The right to demand and receive on one part, and to pay on the other, may be considered as correlative. The Act of Assembly directing the process of recovery, [3 Del.Laws] 235, expressly grants to the collector the power to demand and receive. This law gives a special authority and directs a particular mode of recovering public taxes, but there are contained in it no negative words prohibiting any other remedies, or the proceedings at common law. All public taxes are of the nature of other debts, due to the public, and payable to its officer. Where a statute directs, for disobedience to an order of sessions, a particular proceeding in a summary way, yet an indictment at common law will likewise be regular. 2 Burr. 803, 804. For the legislature must have intended that there should be, and there actually are, two remedies. Plowd.Comm. 207, 3 Burr. 1335, 1340, 1 Mod. 34.

In the present case, the reality of the debt and the right to recover it seem to be things independent of the special remedy. After this debt once exists, and becomes demandable and receivable from individuals, a common law right immediately vests of recovering that which by law the collector is entitled to; so that the particular remedy mentioned in the Act is merely cumulative. Common law proceedings are so highly estimated that they are never prohibited or defeated but by express words, and it is admitted as a first principle in law that where statutes are affirm-

ative, they do not take away the common law remedy. Plowd. Comm. 207, Vin.Abr., title "Statute" 511, pl. 1, 2, 3, 5; 512, pl. 11, 12. If one be in any way injured by disobedience to a law, he has a right of action therefor. Vin.Abr., title "Statute" 518, pl. 73, 76 n.

Many cases can be imagined of very oppressive hardship if the collector be confined to one remedy. Individuals of greater strength and powers may oppose his measures and prevent the successful discharge of his duty. Having given bond for this money, it would certainly be unjust that he should be deprived of any of the various modes of collecting for the public and indemnifying himself. But what is still more conclusive in favor of the present action is that, at the time of its commencement, the powers vested by law in the collector to proceed in his summary way had expired, as to the taxes due for two of the three years; and of consequence, unless a common law proceeding be available, the plaintiff is entirely without remedy.

READ, C. J. The principles admitted by Lord Mansfield in the case of the *King v. Robert Robinson,* though that be a criminal case, appear to have a strong tendency in support of the present, *vide* 2 Burr. 803, 804. It seems pretty evident that the special remedy given by the Act of Assembly is but cumulative and not exclusive. The case mentioned by defendant's counsel from Plowd.Comm. 206 is satisfactorily answered in the next page of that case. But whatever doubts might exist otherwise on the subject seem to be removed as to the legality of the action from a consideration of the fact that the action was commenced when Freeman, the collector, had no further power to proceed in the summary mode directed by the law. The action then is clearly maintainable. Whether the jury will give full damages for the taxes of the three years, or only for the two years, in consideration of his powers of collection having expired, I submit to the discretion of the jury.

Verdict and judgment for plaintiff.